Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| PUERTO RICO ONE ALUMINUM MFG. CORP.; EDUARDO RODRÍGUEZ RAMOS; MARCIALA SUÁREZ ASCENCIO; Sociedad Legal de Gananciales compuesta por Eduardo Rodríguez Ramos y Marciala Suárez Ascencio<br><br>Apelantes<br><br>v.<br><br>SKY INMOBILIARIA, LLC; WIGHTMAN & FARINA, LLC; ANTONELLA DOLORES DI LAURO ROSALES por sí y en representación de Wightman & Farina, LLC; CAROL JENNIFER WIGHTMAN CÁRDENAS por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por Jennifer Wightman Cárdenas y Frank Parrish; DEMANDADOS ABC/DESCONOCIDOS; ASEGURADORA XYZ/DESCONOCIDA<br><br>Apelados | TA2025AP00446 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.: CG2025CV01570<br><br>Sobre: Daños y Perjuicios; Incumplimiento de Contrato Doloso; Fraude; Interferencia Torticiera |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

El 15 de octubre de 2025, Puerto Rico One Aluminum MFG, Corp.; el Sr. Eduardo Rodríguez Ramos, la Sra. Marciala Suárez Ascencia y la Sociedad Legal de Gananciales que ambos componen (los apelantes) presentó una *Apelación* ante nos. En esta, nos solicitó la revocación de la *Sentencia Sumaria* dictada en el caso de epígrafe por el Tribunal de Primera

Instancia, Sala Superior de Caguas (TPI o foro primario) el 28 de agosto de 2025. Mediante el aludido dictamen, el TPI declaró Con Lugar la *Moción de Sentencia Sumaria* sometida por Carol Whightman (señora Whightman) y, en consecuencia, desestimó la causa de acción de los apelantes.

Estudiado el legajo apelativo bajo el crisol del derecho aplicable que adelante consignaremos, resolvemos **confirmar** el dictamen.

**-I-**

El 12 de mayo del año en curso, los apelantes instaron una *Demanda* por incumplimiento de contrato doloso, fraude, interferencia torticiera y daños y perjuicios en contra de Sky Inmobiliaria, LLC (SKY); Whightman & Farina LLC (W&F); Antonella Dolores Di Lauro Rosales, por sí y en representación de Whightman & Farina LLC; y contra Carol J. Whightman, por sí y en representación legal de la Sociedad Legal de Gananciales que compone con Frank Parrish (señora Whightman). Allí, levantaron un sinfín de alegaciones de fraude o mala fe por parte de los demandados mediante los que, en síntesis, reclamó que las partes firmaron un contrato de opción de compraventa, que el plazo allí establecido fue de 120 días, que luego de eso se acordaron varias extensiones y que, en contra de los acuerdos, W&F ofreció y vendió a SKY la propiedad.[1]

Tras una serie de eventos que no son meritorios mencionar, el 4 de agosto de 2025, Carol Wightman presentó una *Moción de Sentencia Sumaria* en la que alegó, sometiéndose evidencia en apoyo, que no existía controversia en cuanto a veintidós (22) hechos.[2] Basándose en estos, afirmó que el contrato de opción firmado por PR Aluminum MFG Corp. y Wightman & Farilla, LLC. estableció un plazo para que se efectuara la compra de la propiedad; que el plazo venció y que PR Aluminum MFG

---

[1] SUMAC TPI, Entrada Núm. 1.

[2] Hay que mencionar que algunos de los hechos propuestos en el escrito fueron alegados en la demanda. El resto, conforme a la evidencia que sometió en apoyo y según surgía del expediente judicial del caso CG2023CV00974. *Id.*, Entrada Número 45.

Corp., nunca ejerció la opción. Por tanto, la demanda de epígrafe era frívola y los argumentos allí expuestos, temerarios.

El 25 del mismo mes y año, los apelantes sometieron su oposición a este escrito. [3] Allí, alegaron que en el caso sí existían controversias que impedían la resolución sumaria del pleito. Específico, en cuanto a si ejerció su derecho de opción dentro del término, sobre si al aceptar depósitos adicionales renunció implícita o expresamente a invocar caducidad automática; si la retención del depósito fue indebida; o si tuvo oportunidad real y efectiva de igualar la oferta de compra en el caso CG2023CV00974.

Atendidos ambos escritos, el 28 de agosto de 2025, el foro primario dictó la *Sentencia Sumaria* apelada en la que consignó que no existía controversia sobre los siguientes hechos:

1. La Co-Demandante PR ONE ha ocupado la Propiedad de Whightman desde hace más de 10 años en calidad de inquilino, donde opera un negocio dedicado a la industria del aluminio.

2. El 20 de mayo de 2022, PR One y Whightman otorgaron un contrato de Opción de Compraventa por la Propiedad, el cual se extendía por un plazo de 120 días, prorrogable por el término de 10 días "sujeto a verificación, hasta lograr el cierre, para acomodar los requisitos del financiamiento."

3. El precio de compraventa de la Propiedad fue pactado en $900,000.00 y PR One pagó el precio de opción de $30,000.00.

4. PR One no ejerció el derecho a compraventa dentro del plazo contratado.

5. Entre los meses de noviembre de 2022 y marzo de 2023, PR One y Whightman se intercambiaron comunicaciones escritas en las que Whightman solicitaba a PR One información sobre sus gestiones de financiamiento de la Propiedad e intención de extender el contrato de opción, las cuales no concluyeron en una extensión del Contrato.

6. PR One intentó integrarse como parte interventora en el pleito CG2023CV00974 y dicha intervención fue denegada por el Tribunal.

7. Sin embargo, en la Conferencia Inicial de dicho procedimiento celebrada el 26 de agosto de 2024, a pesar de que el término del Contrato se encontraba expirado, el Tribunal confirió a PR One la oportunidad de igualar una oferta de compra de la Propiedad por un tercero, Sky Inmobiliaria, LLC: "El tribunal le concedió 10 días al licenciado Ramos para que presente y les remita a los abogados la certificación de los fondos disponibles de su cliente, una vez que los abogados la reciban, estos tendrán el

---

[3] *Id.,* Entrada Núm. 50.

mismo término para conversar con el inquilino sobre la oferta de la compra de la propiedad y el licenciado Grau tendrá 10 días para informar si su cliente igualará o mejorará la oferta …" (Véase Minuta de la continuación de la Conferencia Inicial del pleito CG2023CV00974 celebrada el 21 de agosto de 2024 y transcrita el 26 del mismo mes y año, a su entrada 113 de Sumac.)

8.  PR One no ha producido evidencia alguna de que ejerció la opción dentro del término de esta ni de haber igualado la oferta de compra de Sky Inmobiliaria, LLC dentro del término provisto por el Tribunal.

9.  El 5 de marzo de 2025, Whightman vendió la Propiedad a Sky Inmobiliaria, LLC por el precio de $1,100,000.00.

Así, el foro primario reconoció que las alegaciones y las causas de acción de los apelantes descansaban en un alegado incumplimiento por parte de W&F con su obligación de venderle a PR One Aluminum la propiedad optada. No obstante, dictaminó que al promover la solicitud de sentencia sumaria la señora Whightman evidenció que: PR One Aluminum nunca ejerció su derecho a opción conforme el contrato y que, pese a tener una oportunidad adicional de concretar la compraventa si igualaba la oferta de compraventa hecha por SKY, tampoco lo hizo.[4] En consecuencia, declaró Con Lugar la solicitud de sentencia sumaria ante su consideración y desestimó la causa de acción.

En desacuerdo, con esta decisión, el 12 de septiembre de este año, los apelantes solicitaron reconsideración. El día 15, el foro primario se negó a reconsiderar. Al hacerlo, manifestó lo siguiente:

Reiteramos que el hecho de que PR One haya cumplido sus obligaciones como inquilino de Whightman, de ninguna manera puede interpretarse como su cumplimiento con el contrato de opción de compraventa. Son obligaciones distintas que corrían de manera paralela, pero distintas. Ambas sujetas a sus propios términos y condiciones.

El Tribunal se rehúsa a ser inducido a inmiscuirse en las controversias habidas entre los socios de Whightman como fundamento para concederle a los demandados el remedio solicitado. Dichas controversias están siendo dilucidadas en una

---

[4] A la vez, destacó que PR One Aluminum no rebatió la evidencia presentada a los efectos de probar que ejerció su derecho de opción según lo pactado, que el término de opción fue extendido y que respondió a la oportunidad brindada en el pleito CG2023CV00974 para igualar la oferta de SKY y adquirir la propiedad. Según el propio tribunal, la oposición a la sentencia sumaria de los apelantes descansa en plantear una controversia inexistente, sin someter prueba documental, lo que contradice la norma de que meras alegaciones no hacen prueba.

sala hermana. No vamos a ser inducidos a error de que las controversias entre los socios de Whightman son un elemento valorativo que debamos sopesar al evaluar la falta de cumplimiento de PR One con el contrato de opción.

Nos sostenemos en nuestro dictamen. Nuestra Sentencia únicamente puede ser derrotada si PR One produce: "evidencia de que a) ejerció su derecho de opción conforme Contrato; b) le fuese extendido el término de opción contratado; c) fue(se) responsivo a la oportunidad brindada por el Tribunal para igualar la compraventa de la Propiedad por Sky Inmobiliaria, LLC." Esto no ha ocurrido.

La Solicitud de Reconsideración presenta una secuela de argumentos no sustentados en evidencia "que intentan plantear una controversia donde el Tribunal observa no la hay".

Inconforme aun, los apelantes sometieron el recurso de epígrafe y señalaron la comisión de los siguientes errores:

- PRIMER SEÑALAMIENTO DE ERROR PLANTEADO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, COMETIÓ ERROR MANIFIESTO EN DERECHO, Y ABUSÓ DE SU DISCRECIÓN AL RESOLVER UNA SOLICITUD SUMARIA SIN HABERSE COMENZADO EL PERIODO DEL DESCUBRIMIENTO DE PRUEBA, EN DETRIMENTO A LA GARANTÍA DEL DEBIDO PROCESO DE LEY QUE COBIJA AL COMPARECIENTE.

- SEGUNDO SEÑALAMIENTO DE ERROR PLANTEADO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO EN DERECHO AL REALIZAR DETERMINACIONES DE HECHO RESPECTO A CUESTIONES RELATIVAS A LA INTENCIÓN DE LAS PARTES, CUESTIONES QUE REQUIERAN ADJUDICACIONES DE CREDIBILIDAD SOBRE TESTIMONIOS ENCONTRADOS, VALORACIÓN DE COMPENSACIONES Y DAÑOS, O ANÁLISIS DE PROPÓSITOS MENTALES Y NEGLIGENCIA.

- TERCER SEÑALAMIENTO DE ERROR PLANTEADO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO EN DERECHO AL ADJUDICAR COMO INCONTROVERTIDOS LOS PLANTEAMIENTOS SUMARIOS SOMETIDOS EN INCUMPLIMIENTO CON LOS REQUISITOS PROCESALES DE LA REGLA 36 DE LAS REGLAS DE PROCEDIMIENTO CIVIL.

- CUARTO SEÑALAMIENTO DE ERROR PLANTEADO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO EN DERECHO AL CONCEDER UNA SENTENCIA SUMARIA SIN RESOLVER TODAS LAS CONTROVERSIAS ANTE SU CONSIDERACIÓN Y AL ALCANZAR CONCLUSIONES FÁCTICAS QUE SE DISTANCIAN DE LA PRUEBA DISPONIBLE Y OFRECIDA.

Tras los trámites de rigor, el 27 de octubre de 2025, la señora Whightman sometió su *Alegato de Réplica a Apelación*. Con el beneficio de su comparecencia, damos por sometido el asunto y procedemos a resolver.

**-II-**

*-A-*

El mecanismo procesal de la sentencia sumaria establecido por la Regla 36 de Procedimiento Civil, se utiliza en aquellos litigios en los que no existen controversias genuinas de hechos materiales y, por consiguiente, resulta innecesaria la celebración de un juicio en su fondo. *Negrón Castro y otros v. Soler Bernardini, et al.,* 2025 TSPR 96, 216 DPR ___, al citar a *BPPR v. Zorrilla y otro,* 214 DPR 329, 338 (2024). Su propósito, es que los pleitos civiles se resuelvan de forma justa, rápida y económica. *Íd.,* al mencionar a *SLG Fernández-Bernal v. RAD-MAN, et al.,* 208 DPR 310, 334-335 (2021).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, establece el contenido y los requisitos de forma que deben observarse, tanto en la solicitud de sentencia sumaria presentada por la parte promovente, como en la oposición que pueda presentar la parte promovida. *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020). Así pues, conforme el inciso (e) de la aludida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y pertinente.[5] Para que un tribunal dicte sentencia sumaria a favor del promovente, ésta deberá, además, justificarse por el derecho aplicable. *CSM v. ELA*, 2025 TSPR 78, 216 DPR _____, al mencionar a *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023).

Procede dictar sentencia sumaria si de los documentos sometidos ante la consideración del tribunal surge que no existe controversia real

---

[5] 32 LPRA Ap. V, R. 36.3(e).

sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho.[6] Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. *Íd.*, al citar a *SLG Fernández-Bernal v. RAD-MAN, et al.,* a la págs. 335-336.

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos estamos llamados a examinar el expediente *de novo* y verificar que las partes cumplieron con las exigencias pautadas por la Regla 36.3 de Procedimiento Civil, *supra.* Claro está, debemos recordar que no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI, ni adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Cabe destacar que, en el caso en que no existan hechos materiales en controversia, este Foro procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Negrón Castro y otros v. Soler Bernardini, et al., supra,* al mencionar a *Fernández-Bernal v. RAD-MAN et al., supra,* pág. 338 y *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019).

*B.*

Las obligaciones surgen de la ley, los **contratos**, los cuasicontratos, los actos lícitos, las acciones u omisiones en la cual medie culpa o negligencia y cualquier otro acto idóneo para producirlas, conforme con el ordenamiento jurídico.[7] Los contratos son un negocio jurídico bilateral en

---

[6] *Negrón Castro y otros v. Soler Bernardini, et al., supra,* al citar la Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e); a *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018); y a *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018).
[7] Art. 1063 del Código Civil de 2020, 31 LPRA sec.8984.

el cual dos o más partes prestan su consentimiento para crear, regular, modificar o extinguir obligaciones.[8] Estos, son negocios jurídicos desde que las partes manifiestan su consentimiento sobre el objeto y la causa.[9] A través de los contratos las partes pueden acordar cualquier cláusula, siempre que no sea contraria a la ley, a la moral o al orden público.[10]

De otra parte, y en relación a la controversia que hoy atendemos, es menester señalar que el Código Civil de Puerto Rido de 2020, regula el Derecho de opción. Así pues, el Artículo 1029 de dicho cuerpo estatutario establece que la opción de compra es el derecho que faculta a su titular a "decidir durante un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido ya acordado en todos sus aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante el plazo prefijado."[11]

Los requisitos para la constitución del derecho a opción son: (a) el plazo de duración del derecho y, si procede, el plazo para su ejercicio; (b) en su caso, la voluntad del constituyente o de los constituyentes de configurar el derecho con carácter real; (c) el precio o contraprestación para la adquisición del bien o los criterios para su fijación, cuando se trate de un derecho de opción a una adquisición onerosa, indicando el precio estipulado para su adquisición; y (d) la prima pactada para su constitución, cuando el derecho se constituye a título oneroso, indicando el precio convenido.[12]

El derecho a compraventa puede constituirse por un plazo no mayor de cinco años cuando se trata de bienes inmuebles. Ahora, este término puede ser objeto, por acuerdo de las partes, de sucesivas prórrogas, siempre

---

[8] 31 LPRA sec. 9751.
[9] 31 LPRA sec. 9772.
[10] 31 LPRA sec. 9753.
[11] 31 LPRA sec. 8821.
[12] 31 LPRA sec. 8821.

y cuando estas no excedan el plazo máximo dispuesto en ley.[13] Su ejercicio, requiere el pago previo o simultáneo del precio fijado, según los criterios establecidos, o aquel que resulta al aplicarse las cláusulas de estabilización, si es que han sido previstas.[14]

**-III-**

Como arriba mencionamos, mediante el recurso que nos ocupa, los apelantes nos solicitan la revisión del dictamen emitido por el foro primario el 28 de agosto de 2025. En primer lugar, y con tal propósito, niegan que procediera resolver el pleito utilizándose el mecanismo de sentencia sumaria. Específicamente, reclaman que, al disponer sumariamente, el TPI coartó su derecho a que primero se celebre descubrimiento de prueba que les permita- por ejemplo -requerir la producción de documentos o deponer testigos. Además, cuestionan la confiabilidad del contrato de opción sometido con la moción de sentencia sumaria, pues este contiene tachaduras y anotaciones manuscritas que modifican dramáticamente su contenido. De similar manera, aseveran que parte de la evidencia considerada por el TPI era inadmisible

En adición, los apelantes aseveran que la disposición sumaria efectuada por el foro primario simplificó incorrectamente las alegaciones levantadas en su *Demanda.* Ello, a su juicio, es demostrativo de que en la resolución sumaria del caso quedaron desatendidos reclamos específicos sobre los actos realizados por W&F, SKY y demás demandados antes de la perfección del contrato, coetáneos con esta y aquellos posteriores a la misma. Entiéndase, entienden que quedaron en suspenso controversias de hechos *bona fide* que obligaban al TPI a resolver la moción de sentencia sumaria en contra de su promovente.

---

[13] 31 LPRA sec. 8823
[14] 31 LPRA sec. 8824

Por último, los apelantes aperciben que, aunque la solicitud de sentencia sumaria fue presentada por la señora Whightman, el tribunal resolvió y desestimó el pleito en contra de todos los demandados. Plantean que, al así hacer, el tribunal omitió atender los reclamos extracontractuales de la demanda radicada y la correspondiente adjudicación de responsabilidad.

La señora Whightman, por su parte, al defender la decisión apelada sostiene que el lenguaje de la propia Regla 36 autoriza a la parte demandada a solicitar sentencia sumaria en cualquier momento a partir de la fecha en que fue emplazada. Amparada en esto, afirma que su solicitud de sentencia sumaria fue una oportuna. Es más, destaca que los apelantes en ningún momento pidieron al TPI que les concediera oportunidad de efectuar descubrimiento de prueba antes de resolverse la moción de sentencia sumaria y que, no es hasta su apelación, que levanta este asunto como razón para no conceder su moción.

De otra parte, niega que haya controversias sobre asuntos de credibilidad e intención de las partes. En contrario, expone que la evidencia documental en el récord establece que el contrato de opción suscrito entre las partes tenía una fecha de vencimiento; que el optante nunca formalizó la compra dentro del plazo de la opción; que la opción expiró por sus propios términos; y que, pese a que se le dieron oportunidades adicionales para hacerlo, el optante nunca la compró. Así, resalta la ausencia de al menos una pisca de evidencia por parte de los apelantes para refutar aquella sometida en favor de la solicitud de sentencia sumaria.

Por último, la señora Whightman niega que la *Sentencia Sumaria* apelada no haya dejado sin atender y resolver alguna de las causas de acción sometidas por los apelantes. Establece pues, que el foro primario en su dictamen señaló que **todas** las causas de acción sometidas por los apelantes descansaban en el alegado incumplimiento de W&F para con el

contrato de opción. De acuerdo a la apelada, habiéndose dictaminado que PR One Aluminum falló en ejercer la opción dentro del plazo pactado e inclusive, luego de que vencido el mismo se le dio oportunidad para igualar la oferta hecha por SKY en un pleito aparte, las causas de acción quedaron derrotadas.

Antes de atender los argumentos sometidos en contra y en defensa del dictamen apelado, y según nos ordena la normativa jurídica aplicable a las solicitudes de sentencia sumaria, hemos evaluado si la solicitud de sentencia sumaria sometida por la señora Whightman cumplió con los requisitos de forma que exige la Regla 36 de Procedimiento Civil, *supra.* Efectuado el examen, concluimos que cumplió parcialmente con las exigencias reglamentarias. Aunque su escrito no contiene una exposición de las alegaciones de las partes, sí identifica los hechos incontrovertidos según alegados en la Demanda, identifica que solicita sentencia sumaria sobre todas las causas de acción de la demanda, e incluye una relación concisa, organizada y en párrafos separados de aquellos hechos esenciales y pertinentes sobre los que proponen no existe controversia. Sobre esto último, hace referencia a la evidencia admisible en la que descansan sus propuestas. Igualmente, dicho escrito expone las razones por las cuales la proponente entiende debe dictarse sentencia en virtud del derecho aplicable que incluyó y el remedio que se solicita.

Similar avalúo realizamos sobre la oposición a la moción de sentencia sumaria presentada por los apelantes. Al revisarla, notamos que el escrito contiene una breve exposición de las alegaciones de las partes e identifica los asuntos litigiosos o en controversia. Ahora bien, carece de indicación de párrafos, páginas de escritos o prueba admisible que justifique las diferentes instancias en las que niega total o parcialmente algún hecho de aquellos propuestos como incontrovertidos en la solicitud de sentencia sumaria. No obstante, es hartamente conocido que esta

ausencia no implica una concesión automática de una solicitud de sentencia sumaria puesto que la concesión de una solicitud de sentencia sumaria ocurrirá cuando en derecho así proceda.[15]

Cumplido este mandato, debemos ahora evaluar *de novo* los reclamos presentados en el caso de epígrafe a los fines de valorar si efectivamente existen controversias de hechos medulares que impiden la resolución sumaria del pleito, así como para determinar si la aplicación del derecho efectuada por el foro primario fue correcta. [16] Efectuado este ejercicio, estamos de acuerdo con el TPI en cuanto a que no hay controversia sobre los hechos así identificados y listados en su sentencia.

Del propio expediente judicial surge que PR One Aluminum ocupó el inmueble objeto de la opción desde hace 10 años. También, que el 20 de mayo de 2022, otorgó con W&F un contrato de opción de compraventa, con un término inicial de 120 días; entregándose un depósito de $30,000.00. Estos hechos fueron propiamente admitidos por los apelantes al oponerse a la solicitud de sentencia sumaria.[17] Igualmente, de allí sale que PR One Aluminum no ejerció la opción dentro del plazo contratado; y que, vencido el término de la opción, aun habiéndosele brindado oportunidad en un pleito aparte, en el que intentó fallidamente intervenir, de igualar una oferta de compra para adquirir la propiedad optada, no lo hizo.[18]

Al oponerse a la solicitud de sentencia sumaria los apelantes admitieron que la venta nunca se llevó a cabo. Sin embargo, afirmativamente alegaron que el negocio jurídico no pudo consumarse por las propias actuaciones de los demandados. Asimismo, hicieron referencia a múltiples alegados mensajes de textos que, según ellos, demostraban que

---

[15] *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 575 (1997).

[16] Véase, *Meléndez González et al v. M. Cuebas, supra* págs. 118-119 y *Roldán Flores v. M. Cuebas, et al.,* 199 DPR 664, 679-680 (2018).

[17] SUMAC TPI Entrada Núm. 50, pág. 3.

[18] Al igual que hizo el foro primario, y conforme nos autoriza a hacer la Regla ___ de Evidencia, tomamos conocimiento judicial de las incidencias procesales del pleito CG2023CV00974.

luego de haber vencido la opción, las partes continuaron en comunicación activa, mostraron apertura para conceder extensiones adicionales y reiteraron su interés en concretar el cierre. **Ahora, es menester señalar que estos no produjeron documento alguno que pudiera constatar ninguna de las alegaciones levantadas contra la moción de sentencia sumaria**.

La simple aseveración de que los hechos están en controversia sustentada en la mera referencia a documentos u otro tipo de evidencia **cuyo contenido ni siquiera se produ**jo, carece de valor probatorio alguno. Sus alegaciones son insuficientes en derecho para controvertir hechos sustentados en prueba documental ni para impedir la resolución sumaria del pleito. Al final de cuenta, es norma reiterada en nuestro ordenamiento jurídico que las meras alegaciones no constituyen prueba.[19]

Consecuentemente, nos reafirmamos en que no existe controversia alguna sobre los hechos incontrovertidos enunciados por el TPI en el dictamen apelado, los que, por parecernos adecuados, acogemos. Ante esta realidad, tampoco encontramos que el foro primario haya errado en la aplicación de la norma jurídica pertinente, de manera tal que nos sea forzoso revocarle. Al ser así, resolvemos que ninguno de los errores señalados por los apelantes se cometió.

### -IV_

Por las razones arriba consignadas, **confirmamos,** la *Sentencia Sumaria* dictada en el caso por el Tribunal de Primera Instancia, Sala Superior de Caguas el 28 de agosto de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] *Pueblo v. Pérez Rivera*, 186 DPR 845,880 (2012).